UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAMS EXTRACT & SPICE, LLC<br>3217 JOHNSTON ROAD<br>GONZALEZ, TX 78629<br><br>Plaintiff(s)<br><br>v.<br><br>VAN de VRIES SPICE CORPORATION<br>9 ELKINS ROAD<br>EAST BRUNSWICK, NJ 08816<br><br>Defendant(s) | Civil Action No:<br><br>Judge<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Adams Extract & Spice, LLC (hereinafter "Adams Extract"), by and through undersigned counsel, hereby demands judgment against Defendant Van de Vries Spice Corporation, and complain against it as follows:

### PARTIES

1. At all times relevant hereto, Adams Extract, was a corporation, organized under the laws of the state of Texas and with its principal place of business located at the above address.

2. At all times relevant hereto, Defendant Van de Vries Spice Corporation (hereinafter "Van de Vries") was, upon information and belief, a foreign corporation doing business in the State of Texas with its principal place of business located at the above address.

3. Upon information and belief, Van de Vries is in the business of, *inter alia*, manufacturing, selling, distributing, marketing, and/or delivering various food products such as, *inter alia*, spices, and which did manufacture, sell, distribute, market and deliver the defective red pepper ground at issue in this case (hereinafter "the subject spice").

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

6. On or about August 5, 2009, Van de Vries advised Adams Extract that Van de Vries had sold 11,000 pounds of the subject spice to Adams Extract and that the subject spice had tested positive for salmonella. Van de Vries instructed Adams Extract to dispose of the contaminated spice.

7. Prior to receiving information that the subject spice tested positive for salmonella, Adams Extract had utilized the subject spice to mix various products that were sold under the Adams Extract brands name.

8. On or about August 7, 2009, Adams Extract issued a press release/recall regarding the subject spice advising of the possible health risk, the recall occurred as result of mixing the subject spice that tested positive for salmonella.

9. The aforementioned contamination and subsequent recall, which resulted in significant damages to Adams Extract, was directly and proximately caused by Van de Vries as is further and more fully described below.

## COUNT I – NEGLIGENCE

10. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

11. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Van de Vries, by and through its employees, agents, technicians, component suppliers, subcontractors, and/or servants, more specifically described as follows:

    a.    failing to exercise reasonable care in the following manner:

        i.    failing to properly manufacture, sell, distribute, market and/or deliver the subject spice;

        ii.    failing to properly determine that the subject spice was not in compliance with the United States Food & Drug Administration ("FDA") standards;

        iii.    failing to properly recommend that the subject spice be brought into compliance with FDA standards;

        iv.    failing to properly ensure that the subject spice was compliant with FDA standards;

        v.    distributing and/or selling the subject spice to Plaintiff when Defendant knew or should have known that the subject spice would be inadequate and dangerous for the reasons for which purchased;

    b.    failing to adequately instruct and supervise its employees, agents, technicians, component suppliers, subcontractors, and/or servants so as to avoid the problems set forth in subparagraph (a) above;

    c.    failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

    d.    failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems listed in subparagraph (a) above;

    e.    failing to perform the services set forth in subparagraph (a) above in conformity with FDA standards; and/or

  f.  violating other regulations, protocols, customs, safety practices, and/or standards of care applicable to this action.

12. As a result of the damages directly and proximately caused by the negligence, carelessness, and/or other unlawful conduct of Van de Vries, Adams Extract sustained and incurred damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT

13. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

14. Under the contract, Van de Vries was to manufacture, sell, distribute, market and/or deliver the subject spice in a safe and workmanlike manner.

15. At all times material hereto, Van de Vries failed to discharge its contractual duties pursuant to the contract in a safe and workmanlike manner.

16. As a proximate result of the contractual breach of Van de Vries, Adams Extract sustained and incurred damages in an amount in excess of $75,000.00.

17. Adams Extract performed all conditions precedent to recover based upon said breach.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH OF WARRANTY

18. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

19. In conjunction with the sale and distribution of the subject spice, Van de Vries expressly and implicitly warranted that it would be free from defects, merchantable and safe to use for its general and intended purposes.

20. Based upon the above, Van de Vries breached these implied and/or statutory warranties, as well as express warranties provided with the product.

21. As a direct and proximate result of such breach(es), Adams Extract sustained and incurred damages in an amount in excess of $75,000.00.

22. Adams Extract has and had performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV – STRICT PRODUCT LIABILITY

23. Plaintiff incorporates herein by reference the foregoing paragraphs as though same were fully set forth at length.

24. Van de Vries is engaged, and at all times relevant hereto was engaged, in the business of manufacturing, selling, distributing, marketing, and/or delivering various food products, *inter alia*, spices, including the spice in question.

25. Van de Vries failed to manufacture, sell, distribute, market and/or deliver a properly functioning spice.

26. Van de Vries failed to properly inspect and/or test the subject spice.

27. Van de Vries failed to properly determine that the subject spice was not in compliance with applicable standards.

28. Van de Vries failed to provide safe and adequate warnings or instructions with the subject spice.

29. Van de Vries knew or should have known that the subject spice would be inadequate for the reasons for which it was purchased.

30. Van de Vries knew or should have known that the subject spice would, and did, reach Adams Extract without substantial change in the condition in which originally distributed and sold.

31. Van de Vries distributed and/or sold the subject spice in a defective condition, unreasonably dangerous to Adams Extract and its customers.

32. The aforementioned defects consisted of manufacturing defects.

33. Van de Vries is liable for the damages caused by its defective product pursuant to Section 402A of the Restatement Second (2d) of Torts, Restatement Third (3d) of Torts and the applicable code of the State of New Jersey.

34. As a result of the damages directly and proximately caused by the negligence, carelessness, and/or other unlawful conduct of Van de Vries, Adams Extract sustained and incurred damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        **NELSON LEVINE de LUCA & HORST, LLC**

**By:**   /s/ Jeffrey M. Zielinski
        Jeffrey M. Zielinski
        Nelson Levine de Luca & Horst, LLC
        457 Haddonfield Road, Suite 710
        Cherry Hill, NJ 08002
        856-665-8500
        856-665-8501 (Facsimile)
        Jzielinski@nldhlaw.com
        Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by a jury of eight (8) members on all issues triable by right to a jury.

        /s/ Jeffrey M. Zielinski
        Jeffrey M. Zielinski

Dated: February 7, 2011