UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAMS EXTRACT & SPICE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VAN de VRIES SPICE CORPORATION, <br><br> Defendant/Third-Party Plaintiff <br><br> v. <br><br> A.A. SAYIA & COMPANY, INC. and JABS INTERNATIONAL PBT. LTD. <br><br> Third-Party Defendants. | Civil Action No.: 3:11-CV-00720-JAP-TJB <br><br> **THIRD-PARTY COMPLAINT OF DEFENDANT VAN de VRIES SPICE CORPORATION** |

Defendant/Third-Party Plaintiff, Van de Vries Spice Corporation, by way of Third-Party Complaint against Third-Party Defendants, A.A. Sayia & Company, Inc. and Jabs International Pbt. Ltd., allege and say:

### PARTIES

1. Third-Party Plaintiff, Van de Vries Spice Corporation (hereinafter "Van de Vries") is a corporation, organized under the laws of the State of New Jersey with its principal place of business at 9 Elkins Road, East Brunswick, New Jersey 08816.

2. Upon information and belief, Third-Party Defendant, A.A. Sayia & Company (hereinafter "Sayia") is a corporation with its principal place of business at 1 Newark Street, Hoboken, New Jersey 07030.

3. Upon information and belief, Third-Party Defendant, Jabs International Pbt. Ltd. (hereinafter "Jabs") is a corporation doing business in the United States of America with its principal place of business in Navi Mumbai, India.

4. Upon information and belief, Sayia serves as a duly authorized agent for Jabs in the United States.

## JURISDICTION

5. This action is brought under 28 U.S.C. 1332 as the case at bar involves a controversy between citizens of different states/countries and the amount in controversy exceeds the jurisdictional amount.

## STATEMENT OF FACTS

6. Plaintiff, Adams Extract & Spice LLC (hereinafter "Adams"), brought the underlying action against Van de Vries on or about February 8, 2011.

7. In its First-Party Complaint, Adams alleges that Van de Vries sold it 11,000 pounds of ground red pepper spice which tested positive for salmonella (hereinafter "the Spice").

8. According to Adams, the Spice was allegedly used by Plaintiff to mix various products that were then sold under the Adams' brand names.

9. The Spice was manufactured, packaged and shipped from India to New York by Jabs International Pvt. Ltd. Association (hereinafter "Jabs").

10. When the Spice was imported into the United States it was accompanied by a Certificate of Sterilization, which certified that the 485 bags of Red Ground Pepper were free from any contaminants.

11. This Certificate of Sterilization was procured by Jabs in India.

12. Third-party defendant, Sayia, served as Jabs' agent in the United States.

13. Sayia, acting as an agent for Jabs, arranged the sale of the Spice between Jabs and Van de Vries.

14. Third-party defendants also arranged for the importation of the Spice under Sayia contact number 184577, dated July 23, 2008 and amended February 25, 2009.

15. Van de Vries took possession of the Spice in its original packaging, and subsequently shipped same to its customers without any alteration, one of which was Plaintiff, Adams.

16. Van de Vries supplied the Spice to no less than three other customers, other than Adams.

17. Van de Vries' customers received the Spice in its original Jabs' packaging from India.

18. Subsequently, some of the Spice tested positive for salmonella necessitating a recall.

### FIRST COUNT
### (Contribution vs. Sayia)

19. Defendant/Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

20. Upon information and belief, at all relevant times, Third-Party Defendant, Sayia, manufactured, sold, tested, packaged, supplied, distributed, and/or delivered the subject Spice.

21. Upon information and belief, at all relevant times, Sayia knowingly placed the Spice in the stream of commerce with the intent that it be distributed and sold to users such as Adams.

22. Third-Party Plaintiff, Van de Vries, relied on Sayia to manufacture, procure, and supply ground red pepper that was reasonably fit, suitable and safe for its intended purpose at the time it was placed into the stream of commerce.

3

23. Third-Party Plaintiff, Van de Vries denies that it owes any liability to Plaintiff.

24. Van de Vries contends that Plaintiff's injuries and damages were caused by Third-Party Defendant, Sayia, as a joint tortfeasor, and that Van de Vries, if found liable to Plaintiff, is entitled to common law contribution from Sayia and contribution pursuant to N.J.S.A. 2A:53A, et seq. designated as the Joint Tortfeasor Contribution Act.

25. If the Court, or any trier of fact, holds Van de Vries liable for any injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary, vicarious and technical, as such liability arises out of the culpability of Third-Party Defendant, Sayia.

26. Van de Vries requests that the time of trial of this action, a determination be made as to whether the alleged injuries and damages claimed to have been suffered by the Plaintiff were caused by the wrongful acts, liability and default of the Third-Party Defendant as a joint tortfeasor, pursuant to N.J.S.A. 2A:53A, et seq. and pursuant to common law contribution.

27. Van de Vries demands judgment from Sayia under the principles of common law contribution and contribution pursuant to N.J.S.A. 2A:53A, et seq. for the full amount of any judgment which may be rendered against them.

**WHEREFORE,** Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment in its favor and against Third-Party Defendant, A.A. Sayia & Company, Inc., for common law contribution and contribution under N.J.S.A. 2A:53A, et seq. for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate

## SECOND COUNT
### (Common Law Indemnification vs. Sayia)

28. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

29. Third-Party Plaintiff, Van de Vries, denies that it owes any liability to Plaintiff.

30. If the Court or any trier of fact holds Third-Party Plaintiff liable for the injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary, vicarious and technical.

31. Third-Party Plaintiff contends that such injuries and damages were caused by Third-Party Defendant, Sayia, as a joint tortfeasor, and that Third-Party Plaintiff is entitled to common law indemnification from Sayia.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for common law indemnification against Third-Party Defendant, A.A. Sayia & Company, Inc., for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## THIRD COUNT
### (Contribution and Indemnification under NJPLA vs. Sayia)

32. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

33. Third-Party Plaintiff denies that it owes any liability to Plaintiff.

34. If the Court or any trier of fact holds Third-Party Plaintiff liable for the injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary,

vicarious and technical and Third-Party Plaintiff contends that such injuries and damages were caused by Third-Party Defendant, Sayia.

35. Third-Party Plaintiff contends that it is entitled to contribution and indemnification from Third-Party Defendant, Sayia, pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for contribution and indemnification from Third-Party Defendant, A.A. Sayia & Company, Inc. under the New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq. for any and all judgments rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## FOURTH COUNT
### (Breach of Contract vs. Sayia)

36. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein

37. Third-Party Plaintiff entered into a contract with Third-Party Defendant, Sayia, for the manufacture, sale and importation of certain spices and food products including the Spice at hand.

38. This contract provided that Third-Party Defendant would supply Van de Vries with reasonably fit, safe, and unadulterated Spice.

39. Sayia knew, or should have known, that the Spice was not fit or safe for its intended purpose.

40. By supplying Third-Party Plaintiff with contaminated and adulterated Spice, which was not fit or safe for its intended use, Sayia breached its contract with Van de Vries.

6

**WHEREFORE**, Third-Party Defendant, A.A. Sayia & Company, Inc. is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

### FIFTH COUNT
### (Breach of Warranty vs. Sayia)

41. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein

42. Third-Party Plaintiff entered into a contract with Third-Party Defendant, Sayia, for the manufacture, sale and importation of certain spices and food products including the Spice at hand.

43. Sayia expressly and implicitly warranted that the Spice would be fit for its intended purpose, safe, and free from defects.

44. Sayia knew, or should have known, that the Spice was not fit or safe for its intended purpose.

45. By supplying Third-Party Plaintiff with contaminated and adulterated Spice, which was not fit or safe for its intended use, Sayia breached the warranties provided to Van de Vries.

**WHEREFORE**, Third-Party Defendant, A.A. Sayia & Company, Inc., is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## SIXTH COUNT
### (Contractual Indemnification vs. Sayia)

46.  Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

47.  While Van de Vries denies any and all liability to Plaintiff, in the event that the Plaintiff obtains a verdict against Van de Vries, then Van de Vries is entitled to full indemnification from Sayia by reason of the fact that the primary responsibility for any liability belongs to the Sayia.

48.  Further, upon information and belief, the contract entered into by Van de Vries and Sayia, provides that Sayia will indemnify and hold Third-Party Plaintiff harmless for any and all claims arising out of the contaminated Spice.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for contractual indemnification against A.A. Sayia & Company, Inc. for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## SEVENTH COUNT
### (Strict Liability vs. Sayia)

49.  Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

50.  Third-Party Defendant, Sayia, is in the business of manufacturing, selling, testing, packaging, supplying distributing and/or delivering spices and other food products to intermediaries and end-users in New Jersey and other parts of the United States.

51. Upon information and belief, Sayia manufactured, sold, tested, packaged, supplied, distributed and/or delivered the subject Spice to Van de Vries.

52. At all relevant times Sayia knew, or should have known, that the Spice was contaminated and was unfit for any purpose.

53. Third-Party Defendant, Sayia, failed to provide any warning or notice to Van de Vries concerning the Spice's contamination.

54. The Spice was contaminated, adulterated and unfit for any reasonably foreseeable use and should have not been sold or shipped to Third-Party Plaintiff.

55. As a result of the foregoing, Sayia is strictly liable to Third-Party Plaintiff and Adams, pursuant to the New Jersey Product's Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Third-Party Defendant, A.A. Sayia & Company, Inc., is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## EIGHTH COUNT
(Agency v. Sayia)

56. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

57. At all relevant times, Third-Party Defendant Sayia acted as an agent for Third-Party Defendant Jabs, for the purposes of Jabs conducting business in the United States of America.

58. At all relevant times material to this cause of action Sayia was an authorized agent of Jabs and was at such times acting within the full course, scope and authority of its agency relationship with Jabs.

**WHEREFORE**, Third-Party Defendant, A.A. Sayia & Company, Inc., is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## NINTH COUNT
(Contribution vs. Jabs)

59. Defendant/Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

60. Upon information and belief, at all relevant times, Third-Party Defendant, Jabs, manufactured, sold, tested, packaged, supplied, distributed, and/or delivered the subject Spice.

61. Upon information and belief, at all relevant times, Jabs, knowingly placed the Spice in the stream of commerce with the intent that it be distributed and sold to users such as Adams.

62. Third-Party Plaintiff relied on Jabs to manufacture, procure, and supply ground red pepper that was reasonably fit, suitable and safe for its intended purpose at the time it was placed into the stream of commerce.

63. Third-Party Plaintiff denies that it owes any liability to Plaintiff.

64. Van de Vries contends that Plaintiff's injuries and damages were caused by Third-Party Defendant, Jabs, as a joint tortfeasor, and that Van de Vries, if found liable to Plaintiff, is

entitled to common law contribution from Jabs and contribution pursuant to N.J.S.A. 2A:53A, et seq. designated as the Joint Tortfeasor Contribution Act.

65. If the Court, or any trier of fact, holds Third-Party Plaintiff liable for any injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary, vicarious and technical, as such liability arises out of the culpability of Third-Party Defendant, Jabs.

66. Van de Vries requests that the time of trial of this action, a determination be made as to whether the alleged injuries and damages claimed to have been suffered by the Plaintiff was caused by the wrongful acts, liability and default of the Third-Party Defendant as a joint tortfeasor, pursuant to N.J.S.A. 2A:53A, et seq. and pursuant to common law contribution.

67. Van de Vries demands judgment from Jabs under the principles of common law contribution and contribution pursuant to N.J.S.A. 2A:53A, et seq. for the full amount of any judgment which may be rendered against them.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment in its favor and against Third-Party Defendant, Jabs International Pbt. Ltd, for common law contribution and contribution under N.J.S.A. 2A:53A, et seq. for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate

### TENTH COUNT
### (Common Law Indemnification vs. Jabs)

68. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

69. Third-Party Plaintiff, Van de Vries, denies that it owes any liability to Plaintiff.

70. If the Court, or any trier of fact, holds Third-Party Plaintiff liable for the injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary, vicarious and technical.

71. Third-Party Plaintiff contends that such injuries and damages were caused by Third-Party Defendant, Jabs, as a joint tortfeasor, and that Third-Party Plaintiff is entitled to common law indemnification from Jabs.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for common law indemnification against Third-Party Defendant, Jabs International Pbt. Ltd, for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## ELEVENTH COUNT
(Contribution and Indemnification under NJPLA vs. Jabs)

72. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

73. Third-Party Plaintiff denies that it owes any liability to Plaintiff.

74. If the Court, or any trier of fact, holds Third-Party Plaintiff liable for the injuries and damages claimed to have been suffered by Plaintiff, such liability is passive, secondary, vicarious and technical and Third-Party Plaintiff contends that such injuries and damages were caused by Third-Party Defendant, Jabs.

75. Third-Party Plaintiff contends that it is entitled to contribution and indemnification from Jabs pursuant to the New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for contribution and indemnification from Third-Party Defendant, Jabs International Pbt. Ltd, under the New Jersey Products Liability Act, N.J.S.A. 2A:58C, et seq. for any and all judgments rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## TWELFTH COUNT
### (Breach of Contract vs. Jabs)

76. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein

77. Third-Party Plaintiff entered into a contract with Third-Party Defendant, Jabs, for the manufacture, sale and importation of certain spices and food products including the Spice at hand.

78. This contract provided that Jabs would supply Van de Vries with reasonably fit, safe, unadulterated Spice.

79. Jabs knew, or should have known, that the Spice was not fit or safe for its intended purpose.

80. By supplying Third-Party Plaintiff with contaminated and adulterated Spice, which was not fit or safe for its intended purpose, Jabs breached its contract with Van de Vries.

**WHEREFORE**, Third-Party Defendant, Jabs International Pbt. Ltd, is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged

13

by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## THIRTEENTH COUNT
### (Breach of Warranty vs. Jabs)

81. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein

82. Third-Party Plaintiff entered into a contract with Third-Party Defendant, Jabs for the manufacture, sale and importation of certain spices including the Spice at hand.

83. Jabs expressly and implicitly warranted that the Spice would be fit for its intended purpose, safe, and free from defects.

84. Jabs knew, or should have known, that the Spice was not fit or safe for its intended purpose.

85. By supplying Third-Party Plaintiff with contaminated and adulterated Spice, which was not fit or safe for its intended purpose, Jabs breached the warranties provided to Van de Vries.

**WHEREFORE**, Third-Party Defendant, Jabs International Pbt. Ltd, is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## FOURTEENTH COUNT
### (Contractual Indemnification vs. Jabs)

86. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

87. While Van de Vries denies any and all liability to Plaintiff in the event that the Plaintiff obtains a verdict against Van de Vries, then Van de Vries is entitled to full indemnification from Jabs by reason of the fact that the primary responsibility for any liability belongs to the Jabs.

88. Further, upon information and belief, the contract entered into by Van de Vries and Jabs, provides that Jabs will indemnify and hold Third-Party Plaintiff harmless for any and all claims arising out of the contaminated Spice.

**WHEREFORE**, Third-Party Plaintiff, Van de Vries Spice Corporation, demands judgment for contractual indemnification against Third-Party Defendant, Jabs International Pbt. Ltd, for any and all judgments which may be rendered against it, together with counsel fees, costs of suit and any other relief this Court may deem appropriate.

## FIFTEENTH COUNT
### (Strict Liability vs. Jabs)

89. Third-Party Plaintiff, Van de Vries, herein repeats and reiterates the allegations set forth in all previous paragraphs of the Third-Party Complaint and incorporates same as if fully set forth at length herein.

90. Third-Party Defendant, Jabs, is in the business of manufacturing, selling, testing, packaging, supplying distributing and/or delivering spices and other food products to intermediaries and end-users in New Jersey and other parts of the United States.

91. Jabs manufactured, sold, tested, packaged, supplied, distributed and/or delivered the subject Spice to Van de Vries.

92. At all relevant times Jabs knew, or should have known, that the Spice was contaminated and was unfit for any purpose.

93. Jabs failed to provide any warning or notice to Van de Vries concerning the Spice's contamination.

94. The Spice was contaminated, adulterated and unfit for any reasonably foreseeable use and should have not been sold or shipped to Third-Party Plaintiff.

95. As a result of the foregoing, Third-Party Defendant, Jabs, is strictly liable to Third-Party Plaintiff and Adams, pursuant to the New Jersey Product's Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Third-Party Defendant, Jabs International Pbt. Ltd, is directly liable to Plaintiff, or in the alternative, liable over to Third-Party Plaintiff, for any and all claims alleged by Plaintiff together with interest, cost of suit, attorney's fees, cost of suit and any such other relief as the Court may deem equitable and just.

## JURY DEMAND

Defendant/Third-Party Plaintiff, Van de Vries Spice Corporation, hereby demands a trial by jury on all issues.

                                Respectfully submitted,

                                BY:  /s/ *John D. Shea, Esquire*
                                        John D. Shea, Esquire
                                        Nicole L. Strauss-Russo, Esquire
                                        LITCHFIELD CAVO LLP
                                        *An Illinois Limited Liability Partnership*
                                        1800 Chapel Avenue, Suite 360
                                        Cherry Hill, New Jersey 08002
                                        (856) 854-3636
                                        Attorneys for Defendant/Third-Party
                                        Plaintiff, Van de Vries Spice Corporation

Dated:  May 17, 2011

## **CERTIFICATION OF FILING**

I, Nicole L. Strauss-Russo, Esquire, do hereby certify that the Third-Party Complaint was filed with the United States District Court, District of New Jersey, Trenton Vicinage, by ECF on May 17, 2011 with all counsel of record to be served electronically.

/s/*Nicole L. Strauss-Russo*
Nicole L. Strauss-Russo, Esquire

Date: May 17, 2011